UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEARNEY PARTNERS FUND, LLC, by
and through Lincoln Partners Fund, LLC,
Tax Matters Partner

    Plaintiff,

v.                                                   Case No:  2:10-cv-153-FtM-99SPC

USA,

    Defendant.
_____/

### ORDER

This matter comes before the Court on the Plaintiffs, Kearney Partners Fund, LLC. and Lincoln Partners Fund, LLC.'s Protective Motion to Compel Production of Documents on Privilege Logs  (Doc. #112) filed on September 21, 2012.  The Defendant, the United States of America (IRS) filed its Response in Opposition (Doc. # 127) on November 8, 2012.  The Motion is now ripe for the Court's review.

On October 18, 2011, the Plaintiffs filed a Motion to Compel production based upon their initial discovery request.  After the Motion to Compel was fully briefed the Court issued an Order granting in part and denying in part the Motion to Compel. (Doc. # 91).  The Defendant was given up January 19, 2012, to produce the requested documents.  On January 19, 2012, the Defendant was given an extension of time up to May 15, 2012, to complete the production due to the volume of documents requested.  The Defendant produced the documents on May 15, 2012, and made seven (7) supplemental disclosures from May 17, 2012, through July 25, 2012.  In addition to the documents, the Defendant also produced six (6) privilege logs totaling sixty-six pages. The Plaintiff moves the Court to Compel the Defendant to produce specified documents

from those privilege logs. The Defendant objects to the Motion arguing the Motion is untimely, the documents are protected by the deliberative process privilege, and the documents are protected by the attorney client privilege.

*(1) Whether the Motion is Untimely*

The extended discovery deadline in this case expired on August 24, 2012. The Plaintiff did not file the instant Motion to Compel until September 21, 2012, almost a full month after the discovery deadline had expired. The Defendant argues that the Plaintiff had the privilege logs and all of its production by July 25, 2012, at least a month before the expiration of the discovery deadline and most of the production by the middle of May 2012, at least four months prior to the discovery deadline. As such, the Defendant argues the Motion to Compel should be denied as untimely.

Under the terms of the Case Management and Scheduling Order, the Court may deny as untimely all motions to compel filed after the discovery deadline." Central Transport Intern., Inc. v. Global Advantage Distribution, Inc., 2007 WL 3124722 * 2 (M.D. Fla. October 24, 2007). However, the Order states the Court **may** deny and not shall deny, thus the Court is clearly not required to deny the motion as untimely. Id. (Emphasis added).

Instead, the Court may consider several factors to determine if the untimely filed Motion to Compel should be allowed on the merits. Some of the issues to be analyzed when considering whether an untimely motion should be heard are: the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration. In re BankAtlantic Ban Corp, Inc., 2010 WL 3294342 *3

(S.D. Fla. August 20, 2010) (citing Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (factors to apply in considering whether to accept a late notice of appeal).

While the discovery deadline expired on August 24, 2012, the discovery at issue has been ongoing since August of 2011 including an unopposed extension of time allowing the Defendant additional time to produce the documents from January 19, 2012, up to May 15, 2012. As the Defendant even noted, supplemental discovery continued through July 25, 2012. Thus, it took the Defendant approximately seven (7) months to produce the requested discovery. However, the Defendant now contends the Plaintiff should have had the discovery reviewed and any motions prepared within a single month's period of time. In this instance, the volume of discovery, over 20,000 pages, and the length of time it took for the Defendant to produce the documents gives the Court good cause to allow the Motion to Compel to be addressed on the merits even though it was technically untimely filed.

*(2) Whether the Deliberative Process Privilege and/or the Attorney Client Privilege Applies*

The Defendant argues that some of the requested documents are protected by the deliberative process privilege given to government agencies. The deliberative process privilege protects the quality of the government agency's decision-making process. Engberg v. U.S. Dept. of Justice, 2011 WL 4502079 *4 (M.D.Fla. August 12, 2011) (citing Miccosukee Tribe of Indians of Florida v., 516 F.3d at 1263. It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." Klamath Water Users, 532 U.S. at 8–9 (internal citations and quotation marks omitted). For the deliberative process privilege to apply, two requirements must be met; namely, the material must

3

be (1) pre-decisional, *i.e.,* prepared to assist an agency decision maker in arriving at a decision, and (2) deliberative, *i.e.,* "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Micosukee, 516 F.3d at 1263 (citations and quotation omitted). Engberg does not dispute the material contained in the ROI is pre-decisional. Rather, he contends the material is not deliberative and therefore improperly withheld.

Material qualifies as "deliberative" if disclosure of the information would expose an agency's decision-making process in such a way so as to discourage candid discussion within the agency thereby undermining the agency's ability to perform its functions. Moye, O'Brien, O'Rourke, Hogan, & Pickert v. National R.R. Passenger Corp., 376 F.3d 1270, 1278 (11th Cir.2004). For the deliberative-process privilege to apply, "the decision-making process must bear a reasonable nexus to the documents sought." Id. at 1281.

The Plaintiff moves the Court to compel specified documents from the privilege log where the Defendant claimed the deliberative process privilege. The Plaintiff argues that the deliberative process privilege only pertains to policy making discussions related to subordinates providing agency decision makers uninhibited opinions regarding policy formulation, and that none of the documents for which the Defendant has asserted the privilege are of that type. The Plaintiff further argues that the materials it seeks are factual in nature and therefore not protected by the deliberative process privilege.

The Defendant claims that the deliberative process privilege is broader than the Plaintiff's narrow construction. The Defendant claims that the deliberative process privilege also applies to discussions between co-workers on the same level as well as discussions between superiors and subordinates regarding recommendations and deliberations comprising part of the process by

4

which governmental decisions and policies are formulated. The Defendant also contends that factual documents are also protected by the deliberative process privilege if they are so inextricably connected to the deliberative material that the disclosure of such documents would reveal the agency's decision making processes.

In addition to the deliberative process privilege, the Defendant also claims the attorney client privilege on the documents sought in the Plaintiff's Motion. The attorney-client privilege is only available when all the elements are present. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla.2005) (citing Provenzano v. Singletary, 3 F. Supp 2d 1353, 1366 (M.D. Fla. 1999) *aff'd,* 148 F.3d 1327 (11th Cir. 1998). The elements of the attorney client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. Universal City Development Partners, Ltd., 230 F.R.D. at 690 (quoting International Telephone and Telegraph Corp. v. United Telephone Co., 60 F.R.D. 177, 184-185 (M. D. Fla. 1973)). The party asserting the privilege has the burden of proving the existence of the privilege. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).

The Defendant claims that the attorney client privilege exists between the IRS employees who worked on the Plaintiff's case and Leslie Spiegel an attorney and IRS employee who worked on the Plaintiff's case and other related cases. Spiegel is a Senior Counsel with the Office of Chief Counsel, Large Business & International Division ("LB&I"), of the Internal Revenue Service. She has a J.D. and an LL.M. in Taxation. She was the counsel representative

to the Issue Management Team that was assigned to gather information and address the Notice 2002-50 shelter at issue in this case.

The Plaintiff argues that merely because Atty. Spiegel is a lawyer it does not make every communications with her protected by the attorney client privilege. The Plaintiff contends that Atty. Speigel is simply another IRS employee working on the case and not counsel for which the attorney client privilege can be asserted. The Defendant states that Atty. Speigel was the counsel of record in certain Tax Court cases involving many of the parties and issues arising out of Sarma's execution of FOCUS which is directly related to this case.

The privilege log produced by the Defendant does not provide sufficient information for the Court to determine whether or not the documents are protected by the either the deliberative process or attorney client privilege. Therefore, the Court will direct the Defendant to produce the documents for *in camera* review so that a determination can be made regarding the asserted privileges.

Accordingly, it is now

**ORDERED:**

Ruling on the Plaintiffs, Kearney Partners Fund, LLC. and Lincoln Partners Fund, LLC.'s Protective Motion to Compel Production of Documents on Priilege Logs (Doc. #112) is **RESERVED.** The Defendant is directed to produce the following documents bates stamped as follows for the Court's *in camera* review:

- AC00411, AC00418-AC00419, AC00483, AC01040-AC01043, AC00802-AC00812, AC00420-AC00421, AC00231, AC00248, AC00800-AC00801,
- IRS-LS-00154, IRS-LS-00155-00156, IRS-LS-00157-00158, IRS-LS-2-00213-00219,

- GERRYDISK-01633, GERRYDISK-01968, GERRYDISK-01979, GERRYDISK-01984, GERRYDISK-02044, GERRYDISK-1850-1851,

- ADDKEARN-000001-000026, ADDKEARN-000048, ADDKEARN-000051-000060, ADDKEARN-000115-000118, ADDKEARN-000122-000139, ADDKEARN-000256-000262, ADDKEARN-000410, ADDKEARN-001266,

- ADDK3-013-015

- LDG-0010, LDG-0011, LDG-0013

- ADDK2-039, ADDK2-040-041

- LD-00106-00110

- 16-8-16-9

The Defendant has up to and including **December 10, 2012**, to produce the above bates stamped pages to the Court for *in camera* review.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of November, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record