UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEARNEY PARTNERS FUND, LLC, by
and through Lincoln Partners Fund, LLC,
Tax Matters Partner

    Plaintiff,

v.                                              Case No:  2:10-cv-153-Ftm-99SPC

USA,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiffs, Kearney Partners Fund, LLC and Lincoln Partners Fund, LLC.'s Motion for Clarification and Reconsideration (Doc. #148) filed on December 27, 2012.  The Defendant the United States of America filed its Response in Opposition (Doc. # 153) on January 23, 2013.  The Motion is fully briefed and ripe for the Court's review.

The Plaintiffs move the Court for clarification or reconsideration of its Order (Doc. # 147) denying the Plaintiffs' Motion to Compel documents on the Defendant's privilege log.  The Defendant withheld the documents based upon the attorney client privilege and the deliberative process privilege.  The Court denied the Plaintiffs' Motion to compel on the basis of the deliberative process privilege but denied the Defendant's claim based upon the attorney client privilege.  The Plaintiffs now move the Court to compel the production of the documents that were withheld where the Defendant only claimed the attorney client privilege.  The Defendant responded that the Court misapplied the attorney client privilege and that the documents are alternatively protected by the work product privilege.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Plaintiffs request that the following documents be produced because the Defendant only asserted the attorney client privilege and not the deliberative process privilege: AC00419,

IRS-LS-00155-00158, AC00802-00812, ADDKEARN-00048, ADDKEARN-00060, ADDKEARN-00122, ADDKEARN-00128, ADDKEARN-00132, ADDKEARN-00135-136, ADDKEARN-00138, AC00231, AC00248, AC00800-801, ADDK3-013-015, LDG-0010, LDG-0011, LD-00106-00110, and LDG-0013,16-8 to 16-9.

The Court addressed the Defendant's attorney client privilege claim related to Leslie Spiegel. The Court held that the attorney client privilege did not apply to those documents because there were no mental impressions, or legal advice offered and no trial strategy. As noted earlier by the Court, the attorney-client privilege is only available when all the elements are present. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla.2005) (citing Provenzano v. Singletary, 3 F. Supp. 2d 1353, 1366 (M.D. Fla. 1999) *aff'd*, 148 F.3d 1327 (11th Cir. 1998). The elements of the attorney client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. Universal City Development Partners, Ltd., 230 F.R.D. at 690 (quoting International Telephone and Telegraph Corp. v. United Telephone Co., 60 F.R.D. 177, 184-185 (M. D. Fla. 1973)). The party asserting the privilege has the burden of proving the existence of the privilege. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).

The documents that were sent back and forth between Leslie Spiegel and the other IRS employees were addressing factual issues regarding whether or not the Plaintiff should benefit from their cooperation with the IRS and not addressing specific legal advice. After a second review, the Court finds the documents are merely communications between IRS employees regarding the Plaintiffs' case and not specified confidential legal advice that would fall under the attorney client privilege. As the Court previously held, merely because Spiegel is an attorney is

not sufficient grounds to impose the attorney client privilege on her communications. However, the Court does find that the Defendant did claim the deliberative process privilege on documents AC00419, ADDKEARN-00122, ADDKEARN-00128, and ADDKEARN-00135-136 and those documents are protected. Therefore, the Motion to reconsider the above listed documents is due to be granted with the exception those documents where the Court found the deliberative process privilege was claimed.

In addition, the Defendant now asserts the work product privilege for the following documents ADDKEARN 000001-000003, ADDKEARN 000004-000006, ADDKEARN 000007-000009, ADDKEARN 0000010-000011, ADDKEARN 000012-000014, ADDKEARN 000015-000019, ADDKEARN 000020-000021, ADDKEARN 000022, ADDKEARN 000023-000025, ADDKEARN 000026, ADDKEARN 000051-000053, ADDKEARN 000054-000056, ADDKEARN 000057-000058, ADDKEARN 000059, ADDKEARN 000115-000116, and ADDKEARN 000117-000118. The Plaintiffs assert that the Defendant waived their right to assert the work product privilege because the Defendant failed to address the work product privilege in its original Opposition and therefore seeks to have the documents produced.

A review of the privilege log submitted to the Court (Doc. 112-1) shows that the Defendant claimed the deliberative process privilege for the above listed documents. Therefore, whether the documents are protected by the work product doctrine is irrelevant because the Defendant claimed the deliberative process privilege and the Court upheld that privilege on those documents. The Plaintiffs present no arguments that would cause the Court to overturn its prior ruling that these documents are protected by the deliberative process privilege. Based upon the Court's review of the Motion and the Defendant's privilege log (Doc. # 112-1) the Court will grant the Motion in part and deny in part.

Accordingly, it is now **ORDERED:**

The Plaintiff Kearney Partners Fund, LLC and Lincoln Partners Fund, LLC.'s (Doc. #148) is **GRANTED in part and DENIED in part**.

(1) The Plaintiffs, Kearney Partners Fund, LLC and Lincoln Partners Fund, LLC.'s Motion for Clarification and Reconsideration is **GRANTED** regarding the following: IRS-LS-00155-00158, AC00802-00812, ADDKEARN-00048, ADDKEARN-00060, ADDKEARN-00132, ADDKEARN-00138, AC00231, AC00248, AC00800-801, ADDK3-013-015, LDG-0010, LDG-0011, LD-00106-00110, and LDG-0013,16-8 to 16-9.

(2) The Defendant has up to and including **February 25, 2013**, to produce the requested documents

(3) The Plaintiffs, Kearney Partners Fund, LLC and Lincoln Partners Fund, LLC.'s Motion for Clarification and Reconsideration is **DENIED** for the following documents: AC00419, ADDKEARN 000001-000003, ADDKEARN 000004-000006, ADDKEARN 000007-000009, ADDKEARN 0000010-000011, ADDKEARN 000012-000014, ADDKEARN 000015-000019, ADDKEARN 000020-000021, ADDKEARN 000022, ADDKEARN 000023-000025, ADDKEARN 000026, ADDKEARN 000051-000053, ADDKEARN 000054-000056, ADDKEARN 000057-000058, ADDKEARN 000059, ADDKEARN 000115-000116, ADDKEARN 000117-000118, ADDKEARN-00122, ADDKEARN-00128, ADDKEARN-00135-136.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of February, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record