UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| KEARNEY PARTERS FUND, LLC, )<br>by and through )<br>LINCOLN PARTNERS FUND, LLC, )<br>Tax Matters Partner, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>  Defendant. )<br>_____ ) | Civ. No. 2:10-cv-153-UA-SPC<br>(and four consolidated cases) |

**DEFENDANT'S UNOPPOSED MOTION TO STAY ORDER COMPELLING
DEFENDANT TO PRODUCE DOCUMENTS**

Defendant United States of America respectfully moves that the magistrate judge stay her order compelling the Government to produce certain documents, pending both the Government's filing objections with the district judge and the district judge issuing his ruling. Plaintiffs do not oppose this motion.[1]

**I.      BACKGROUND**

On July 13, 2011, plaintiffs served on the Government, *inter alia*, their First Request for Production of Documents. (D.E. 80-1). The Government objected extensively to the requests, Plaintiffs moved to compel responses to its document requests. (D.E. 79). The Government opposed the motion. (D.E. 83). On December 19, 2011, the magistrate judge granted plaintiffs' motion, in part, and denied it, in part. (D.E. 91). Between March and July, 2012, the United States produced approximately 20,000 additional pages of documents to plaintiffs and also

---

[1] Plaintiffs anticipate, inter alia, asserting that the Government's objections are untimely.

9573346.1

produced a series of privilege logs describing the withheld documents and asserting the attorney-client, deliberative process and/or attorney work product privileges. (D.E. 112-1). On September 21, 2012, plaintiffs filed a "protective" motion to compel the Government to produce sixty-eight items listed on its privilege logs. (D.E. 112). For those items, plaintiffs challenged the Government's assertion of attorney-client and deliberative process privileges, arguing (1) that the elements for the privileges had not been met and (2) the Government has waived the privileges. The Government opposed the motion. (D.E. 127). On November 26, 2011, the magistrate judge issued an order directing the Government to submit the withheld documents for an *in camera* inspection. (D.E. 139). The Government did so. On December 13, 2012, the magistrate judge issued an order denying plaintiffs' motion to compel. (D.E. 147). She held that the withheld documents were not protected by the attorney-client privilege, but were protected by the deliberative process privilege.

Plaintiffs simultaneously filed an objection to the order (D.E. 149) and a motion to clarify (D.E. 148).[2] In their motion to clarify, plaintiffs pointed out that for some of the documents listed on its privilege logs, the Government had asserted only the attorney-client privilege, and not the deliberative process privilege. In its response to the motion, the Government did not dispute that point, but respectfully asserted that the magistrate judge had misapplied the attorney privilege and requested that the Court not order those documents to be produced. On February 4, 2013, the magistrate judge ruled on the motion to clarify. Judge Chappell upheld her prior determination that the attorney-client privilege did not apply and ordered the Government to produce, by February 25, 2013, the specific documents for which only the attorney-client

---

[2] In their objection, plaintiffs contend that the magistrate erred in holding that any of the withheld documents were protected by the deliberative process privilege. The Government responded to the objection, which is pending before the district judge. (D.E. 152).

9573346.1

privilege had been asserted. (D.E. 157).[3] Objections to this order are due to be filed by February 21, 2013. The Government anticipates filing objections and asks that the magistrate judge stay her order pending the filing of objections and the district judge's ruling.

## II. ARGUMENT

To obtain a discretionary stay pending appeal, "the moving party must demonstrate: (1) that it is likely to succeed on the merits; (2) that it would suffer irreparable injury if the stay were not granted; (3) that granting the stay would not substantially harm the other parties; and (4) that granting the stay would serve the public interest." *Garcia-Mir v. Meese*, 718 F. 2d 1450, 1453 (11th Cir. 1986). While the first factor is generally the most important one, a movant may obtain a stay "upon a lesser showing of a "substantial case on the merits" when "the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" *Id. quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).[4] As the Court in *Ruiz* held, when faced with a "serious legal question," the party moving for a stay "need only present a substantial case on the merits . . . and show that the balance of equities weighs heavily in favor of granting the stay." *Id.* The moving party need not demonstrate a mathematical probability of success on the merits, particularly when a balancing of the other factors strongly favors the implementation of a stay. *Id.*

That interpretation makes sense in light of the requirement that the motion for a stay be presented first to the magistrate judge, who issued the order in question, "Prior recourse to the

---

[3] In their motion to clarify, plaintiffs challenged the Government's assertion of the work product privilege for some of the documents listed on its logs. The Court held that regardless of whether the work produce privilege had been correctly asserted, those documents were nonetheless protected under the deliberative process privilege.

[4] *Ruiz* was decided before October 1, 1981, and is therefore controlling precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

initial decisionmaker would hardly be required as a general matter if it could properly grant interim relief only on a prediction that it has rendered an erroneous decision." *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C. Cir. 1977); *see also Ruiz*, 650 F.2d at 565 ("If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed.")

### A. The Government has a substantial case on the merits

The Government submits that a substantial case on the merits exists. There is no dispute that the communications are between (1) attorneys within the Chief Counsel of the Internal Revenue Service or (2) a Chief Counsel attorney and IRS employees. It is well-established that an attorney-client relationship may exist within government agencies and offices, and that, when the criteria are met, the attorney-client privilege applies. *In re Lindsey*, 148 F.3d 1100, 1107 (D.C. Cir. 1998); *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *Ross v City of Memphis,* 423 F.3d 596, 601 (6th Cir. 2005). Here, the magistrate judge held, consistent with the Government's arguments, that the attorney-client privilege protects communications between an attorney and a client if: (1) legal advice is sought; (2) from a professional advisor; (3) the communications relate to that purpose; (4) are made in confidence; (5) by the client; (6) at his or her insistence they are permanently protected; (7) from disclosure by the client or the attorney; except the protection may be waived. (D.E. 157 at 3). Judge Chappell however, found that the privilege does not apply because the withheld items were "merely communications between IRS employees regarding the Plaintiffs' case and not specified confidential legal advice that would fall under the attorney client privilege." *Id.* The Government respectfully submits that there is a

substantial question as to whether this portion of the order imposes an extraneous requirement for invoking the privilege.

**B.  The remaining factors heavily favor a stay.**

If a stay is not granted, the Government will be required to disclose the communications at issue before it has the opportunity to present its objections to the district court.  The Government, of course, is entitled, pursuant to Fed. R. Civ. P. 72(a) to seek relief from the district judge.  A stay is needed to preserve that right.  Plaintiffs will not be harmed by the stay.  Indeed, they do not oppose the motion.  If the district judge upholds the magistrate judge's ruling, the communications will be released at that time.  Finally, the public interest favors a stay.  As held in *County of Erie*, "the traditional rationale for the [attorney-client] privilege applies with special force in the government context….Upholding the privilege furthers a culture in which consultation with government lawyers is accepted as a normal, desirable, and even indispensable part of conducting public business. Abrogating the privilege undermines that culture and thereby impairs the public interest." 473 F. 3d at 419.  Because of the privilege's importance, the public interest favors the granting of a stay to enable the Government to present its objections to the district judge.

**III.   CONCLUSION**

Protecting the attorney-client privilege is important to the Government.  Regardless of whether it ultimately succeeds, the Government has shown a substantial case on the merits.  If a stay is not granted, the Government will be deprived of its right to lodge objections with the distinct judge.  Plaintiffs do not oppose the stay and will not be harmed by it.  The public interest

favors it.  The Government respectfully submits that the magistrate judge should stay the order until the Government's objections are resolved by the district judge.

Dated: February 12, 2013                                          KATHRYN KENEALLY
                                                                                Assistant Attorney General

                                                                                /s/ Michael N. Wilcove
                                                                                MICHAEL N. WILCOVE
                                                                                PAUL A. ALLULIS
                                                                                KATHERINE WALSH
                                                                                Trial Attorneys, Tax Division
                                                                                U.S. Department of Justice
                                                                                P.O. Box 14198
                                                                                Washington, D.C.  20044
                                                                                T: (202) 514-6474
                                                                                F: (202) 514-9868
                                                                                E:  Michael.n.wilcove@usdoj.gov

                                                                                OF COUNSEL:
                                                                                ROBERT E. O'NEILL
                                                                                United States Attorney

**CERTIFICATION PURSUANT TO L.R. 3.01(g)**

     Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has contacted plaintiffs' counsel and has been advised that plaintiffs do not oppose the relief sought in this motion.

                                                                    s/ Michael N. Wilcove

9573346.1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has this 12th day of February, 2013, been made on plaintiffs' counsel through the Court's e-filing system.

s/ Michael N. Wilcove

9573346.1