UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEARNEY PARTNERS FUND, LLC, by
and through Lincoln Partners Fund, LLC,
Tax Matters Partner

      Plaintiff,

v.                                                                    Case No:  2:10-cv-153-Ftm-99SPC

USA,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Unopposed Motion to Stay Order Compelling Defendant to Produce Documents (Doc. #166) filed on February 12, 2013.  Pursuant to M.D. Fla. Local Rule 3.01(g), the Defendant conferred with the Plaintiffs who do not oppose the Motion.

The Defendant moves for a stay of this Court's Order (Doc. #157) issued on February 4, 2013, which ordered the Defendant to produce a limited number of documents by February 25, 2013.  In its Order the Court compelled the Defendant to produce specified documents in which the Defendant claimed the attorney client privilege on its Privilege Log. The Defendant now moves the Court to stay the date for it to produce those documents.

As grounds, the Defendant states it wants to the file an objection to the Court's Order with the District Court, however, the deadlines to file an objection to the Order and to produce the communications as ordered are very close and provide no protection for the Defendant if the Order is overruled.  Objections to this Order are due to the District Court by February 21, 2013.

As such, the Defendant requests that this Court stay the Order (Doc. #157), pending the filing and ruling of its objections to the District Court.

In order to be entitled to a stay, Defendant must demonstrate: 1) that it is likely to prevail on the merits of appeal; 2) that absent a stay, it will suffer irreparable harm; 3) that the Plaintiffs will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay. See Jackson v. Motel 6 Multipurposes, Inc., 172 F.R.D. 469, 471 (M.D. Fla. 1997). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1987).

In this case, this Court will not make a determination of the merits of the case because the issue is limited in scope to the undersigned's discovery Order.  However, the Defendant may object to the undersigned's Order under the provisions of the statute and Defendant's opportunity to object may be harmed if a stay is not granted. The Defendant says a stay will protect its opportunity to seek a ruling from the District Court regarding the communications at issue.

Defendant further argues that it will suffer irreparable harm if the stay is not granted because the Defendant will be required to disclose the communications/documents at issue before it has the opportunity to present its objections to the District Court.  Defendant further argues the Plaintiffs will not be harmed by the stay pointing out that the Plaintiffs have not opposed the Motion and have not raised any concerns that they may suffer substantial harm.

After a review of the Defendant's arguments and noting that the Plaintiff does not object to the stay, the Court finds good cause to grant the Motion.  As such, this Court will stay the Order (Doc. #157) issued February 2, 2013, pending District Court's order of its objections.

Accordingly, it is now

**ORDERED:**

Defendant's Unopposed Motion to Stay Order Compelling Defendant to Produce Documents (Doc. #166) is **GRANTED**. The Magistrate Judge's Order (Doc. #157) issued on February 3, 2014 is stayed pending the District Court's ruling on the Defendant's objection. Should the District Court agree with the Magistrate Judge's Order, the Defendant will have **fourteen (14) days** after the Court issues it's Order to produce the requested documents.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record