**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

KEARNEY PARTNERS FUND, LLC,
by and through
LINCOLN PARTNERS FUND, LLC,
Tax Matters Partner, et al.,

        Plaintiffs,

vs.                                   Case No. 2:10-cv-153-FtM-SPC

THE UNITED STATES OF AMERICA,
etc.

        Defendant.

**ORDER**

This cause is before the Court in an unusual procedural posture with regard to Plaintiffs, Kearney Partners Fund, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction as to Pat Sarma and Incorporated Memorandum of Law in Support ("Motion to Dismiss"), filed on September 21, 2012 (Doc. No. 107) and Defendant, the United States of America's Opposition to Plaintiffs' Motion to Dismiss, filed on November 8, 2012 (Doc. No. 128).  After a careful review of the parties' submissions and the applicable law, the Court denies Plaintiffs' Motion to Dismiss.

**BACKGROUND**

This case involves Plaintiffs' challenges to tax adjustments and related penalty determinations made by the Internal Revenue Service ("IRS" or "Agency") to nine partnership returns under the Tax Equity and Fiscal Responsibility Act of 1982 ("TERFA"). (Doc. No. 107, p. 2.)  Kearney Partners Fund, LLC ("Kearney Partners"),

Nebraska Partners, and Lincoln Partners were formed as limited liability companies but are treated as partnerships for federal income tax purposes. (Doc. No. 1, p. 3.) Accordingly, under the relevant tax laws and regulations, they do not pay income taxes directly; instead, income flows through to the partnership owners who are liable for income tax in their separate and individual capacities. 26 U.S.C. § 701. On December 4, 2001, Mr. Raghunathan Sarma ("Sarma") acquired a direct partnership interest in Nebraska Partners and indirect partnership interests in Lincoln Partners and Kearney Partners based on Nebraska Partners' 99% ownership interest in Lincoln Partners and Lincoln Partners' 99% ownership interest in Kearney Partners. (Doc. No. 107, p. 5.) This three-tiered partnership structure is referred to by the acronym "FOCus". (Id.)

In early 2002, the IRS became aware of FOCus and began an investigation of its multi-tiered partnership structure, which it now alleges is a tax shelter through which Sarma obtained substantial tax benefits. (Id., p. 6.) As explained more fully in this opinion, when the IRS initiates an audit of a partnership return, TERFA requires the Agency to comply with several procedural steps designed to notify certain partners of the beginning and completion of an administrative proceeding and of the Agency's intent to investigate the partnership's tax liabilities. Central to this Motion is TERFA's requirement that the IRS mail to each partner a Notice of Beginning of Administrative Proceeding ("NBAP") "no later than 120 days before" the issuance of the Final Partnership Administrative Adjustment ("FPAA"). 26 U.S.C. §§ 6223(a) & (d). The IRS' failure to do so entitles the partner the option to opt-out of the partnership examination or judicial proceedings. Id. § 6226(e).

On June 6, 2003, the IRS issued Plaintiffs, but not Sarma, the NBAP, despite being aware that Sarma may have been involved in and an indirect partner of Lincoln

2

Partners and Kearney Partners. (Doc. No. 107, p. 9.) On December 9, 10, and 11 2009, the IRS sent Plaintiffs and Sarma the FPAAs with a cover letter advising Sarma that the IRS had failed to mail him the NBAPs within the required time and informing him of his right to opt-out of the partnership examination. (Id., pp. 9-10.) On January 23, 2010, Sarma elected to do so. (Id., p. 12.) However, on February 25, 2010, the IRS sent a letter to Sarma's counsel acknowledging that it had erred in informing Sarma of his right to opt-out because he was not entitled to directly receive the NBAPs and thus could not elect to not be bound by the partnership examination. (Id.) Plaintiffs' Motion argues that Sarma properly opted out of this proceeding which divests this Court of subject matter and personal jurisdiction.

## APPLICABLE STANDARDS

A motion to dismiss for want of subject matter jurisdiction comes in two forms: facial attacks and factual attacks. "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of this motion." McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotation marks and citation omitted). In contrast, "a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008). Plaintiffs have advanced a factual attack as they have attached materials extrinsic to the pleadings in support of their Motion to Dismiss. During a factual attack, the defendant is challenging the accuracy of the allegations, not their sufficiency. Norkunas v. Seahorse NB, LLC, F. Supp. 2d 1313, 1314 (M.D. Fla. 2010), aff'd, 444 F.

App'x 412 (11th Cir. 2011). When evaluating a factual attack, the trial court is free to weigh the evidence in support of the jurisdictional claim even when material issues of fact exist. Morrison v. Amway Corp., 323 F.3d 920, 924-25 (11th Cir. 2004).

With respect to personal jurisdiction, the Court, at its discretion, may rule on a motion to dismiss on the basis of affidavits alone, may choose to permit discovery in aid of the motion, or may conduct an evidentiary hearing on the merits of the motion. See, e.g., Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009); Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 730-31 (11th Cir. 1982) (recognizing a qualified right to jurisdictional discovery in the Eleventh Circuit).

**DISCUSSION**

1. Statutory Scheme

Partnerships are generally not taxable entities. Instead, they must file an annual information return to report items of partnership income, deductions, and credit. White and Case v. United States, 22 Cl. Ct. 734, 737 (1991). These items are distributed among the partners, who must report their shares of partnership items on their individual tax returns. Id. TERFA was enacted to "improve the auditing and adjustments of income tax items attributable to partnerships." Alexander v. United States, 44 F.3d 328, 330 (5th Cir. 1995). Prior to its implementation, tax liability assessments and adjustments of individual partners operating a partnership were rendered at the partner level, leading to inconsistent results between partners in the auditing process. Callaway v. Comm'r, 231 F.3d 106, 107-108 (2d Cir. 2000). For example, if the IRS challenged the amount of gains and losses reported by a partnership, the individual partners were required to adjust their tax returns separately. TERFA effectively "unified [the] procedure for determining the tax treatment of all

4

partnership items at the partnership level, rather than separately at the partner level." Id. at 108. As a result, one proceeding determines all partnership items and applies to each individual partner's returns. To that end, TERFA requires a partnership to file an informational return that reports its partners' shares of income, gains, deductions, and credits, while partners are individually responsible for reporting their pro rata shares of tax on their own income tax returns. Weiner v. United States, 389 F.3d 152, 154 (5th Cir. 2004) (citing 26 U.S.C. § 701).

Internal Revenue Code ("Code" or "Tax Code") section 6223 sets forth the procedures designed to notify certain partners of the beginning and end of an administrative proceeding or audit. When the IRS audits a partnership with fewer than 100 partners, such as FOCus, TERFA requires the Secretary of Treasury ("Secretary") or his delegate to send notice of an administrative proceeding at the partnership level – an NBAP – to the tax matters partner ("TMP") and each notice partner who, because of the magnitude of their interests in the partnership are entitled to direct notice from the IRS. 26 U.S.C. § 6223(a)(1).[1] If the audit results in tax adjustments on partnership items, the IRS must send a notice of the final partnership administrative adjustment from such proceeding – an FPAA. Id. § 6223(a)(2). Section 6223 requires the Secretary to mail the NBAP no sooner than 120 days before the issuance of the FPAA. Id. § 6223(d). In other words, at least 120 days must separate the first (NBAP) and last

---

[1] A TMP is usually a general partner who is designed to act for the partnership in the partnership level administrative and judicial proceedings and to receive notice for non-notice partners. See Id. §§ 6231(a)(7), 6224(c)(3), 6226(a). A "notice partner" is a partner who is entitled to notice, including the TMP. See Id. §§ 6223(a), 6231(a)(8). As explained below, in the case of an "indirect partner" owning an interest in the partnership through a "pass-thru partner" who would otherwise be entitled to notice, the Secretary must give notice to the indirect partner, instead of the pass-thru partner, if the Secretary is properly provided with information as to the indirect partner's name, address, and indirect profits interest in the partnership. See Id. § 6223(c)(3).

(FPAA) notices to the partners. If the Secretary fails to comply with this timeline, TERFA provides a comprehensive remedy provision in section 6223(e). One such remedy entitles each of the notice partners to whom a timely notice was not mailed to decide whether to opt-out of the partnership examination or judicial proceeding and to have his or her partnership items treated as non-partnership items.[2] Id. §§ 6223(e)(2) & (3).

2. Jurisdiction of the Court Based on TERFA Notice Provisions

The issue before the Court is whether Sarma appropriately "opted out" of these partnership proceedings following Defendant's failure to send "the NBAPs less than 120 days before the FPAAs were mailed." (Doc. No. 107, p. 4.) The parties agree that because this case is a federal income tax partnership proceeding brought under 26 U.S.C. § 6226(a) to contest the findings of the IRS with respect to Plaintiffs' partnership items, a partner's valid decision to opt-out of the partnership proceedings warrants dismissal of the partner from this action.[3] On this basis, Plaintiffs argue that this Court

---

[2]Under TERFA, partnership items are determined at the partnership level, 26 U.S.C. §§ 6211(c), 6221, 6230(a)(1), while non-partnership items are resolved at the individual partner level, using, *inter alia*, the normal deficiency procedures of the Internal Revenue Code. Id. § 6212(a), 6230(a)(3); see Grapevine Imports Ltd. v. United States, 71 Fed. Cl. 324, 326-27 (Fed. Cl. 2006).

[3]Section 6226 of the Tax Code is TERFA's judicial review provision, which grants the trial court (either the Court of Federal Claims, a district court, or the United States Tax Court):

> jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

26 U.S.C. § 6226(f). Plaintiffs' Complaint challenges the IRS' tax determinations with respect to its partnerships under 26 U.S.C. § 6226(a), which provides that within 90

6

has no subject matter or personal jurisdiction. Defendant responds that because the IRS was under no obligation to send the initial NBAP, Sarma had no right to opt-out.

### A. Collateral Estoppel and Sarma's Right to Opt-Out of These Proceedings

Defendant argues that Sarma is collaterally estopped from asserting his right to opt out of this TERFA action because the Tax Court rejected the same argument in a prior proceeding. Collateral estoppel or in modern usage, issue preclusion, prevents a party from re-litigating issues already determined in another proceeding. See Dep't of Health and Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla. 1995). The doctrine applies if (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue was critical and necessary to the earlier judgment; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000).

Here, Defendant maintains that the Tax Court dismissed Sarma's petition for a redetermination of his tax obligations due to a lack of subject matter jurisdiction. Under the IRS Code, once a partner decides to "opt out" by electing to convert partnership items into non-partnership items, the IRS must issue the partner a timely notice of deficiency. 26 U.S.C. § 6230(a)(2)(ii). The taxpayer may then challenge the deficiency

---

days of being issued a FPAA, the tax matters partner may file a petition with the district court for a readjustment of the partnership items for a taxable year. This Court has jurisdiction to determine all partnership items for the partnership for a particular taxable year to which the FPAA relates. Non-partnership items are resolved separately at the individual partner level. Thus, a partner's valid decision to elect out of partnership proceedings divests this Court of jurisdiction over the partner who will no longer have an interest in the outcome of the partnership action. See 26 U.S.C. § 6226(d)(1)(A); Jade Trading LLC ex rel. Ervin v. U.S., 598 F.3d 1372, 1380 (Fed. Cir. 2010) (concluding that there is no jurisdiction at the partnership level to determine "non-partnership" items); Stobie Creek Invs., LLC v. United States, 82 Fed. Cl. 636, 661-62 (Fed. Cl. 2008).

7

in Tax Court. On December 3, 2011, the IRS sent Sarma a notice of deficiency even though it had previously informed him that he had no right to opt-out of the partnership proceedings. (Doc. No. 107, p. 13.) Defendant explains that the notice of deficiency was sent to protect its ability to assess and collect additional taxes if it were later determined that Sarma had validly opted out of the TERFA proceedings. (Doc. No. 128, pp. 12-13.) Defendant notes that if it had waited until this question was submitted to this Court, the IRS would have been time-barred from assessing and collecting any additional taxes owed as a result of the FOC-us generated loss claimed on Sarma's tax return. (Id., p. 13.) Once Defendant concluded that Sarma had no right to opt-out, it moved the Tax Court to dismiss Sarma's petition. (Doc. No. 107-10.)

Defendant's motion to dismiss before the Tax Court asserted nearly identical grounds of dismissal as the instant Motion. Specifically, Defendant argued that Sarma's petition to the Tax Court was invalid because he was not entitled to an NBAP and thus had no right to elect out of the partnership proceedings. (Id., p. 10.) On June 30, 2011, Sarma filed his opposition to the motion, concurring that his petition before the Tax Court should be dismissed for lack of jurisdiction, but offering different bases for dismissal on jurisdiction grounds. (Doc. No. 107-11.) For example, Sarma averred that the IRS' notice of deficiency was invalid because the Agency was equitably estopped from issuing the notice due to its February 25, 2011 letter informing Sarma of his right to opt-out of the partnership proceedings. (Id., p. 7.) According to Sarma, the IRS' error in submitting the letter estopped it from issuing a notice and the tax court from exercising jurisdiction over the petition. (Id.)

On March 16, 2012, the Tax Court entered an Order of Dismissal. (Doc. No. 107-13.) The Order notes that both parties agree that the notice of deficiency was

invalid and therefore that the court lacks jurisdiction over the case. (Id.) And even though the court "granted [Defendant's] Motion to Dismiss for Lack of Jurisdiction," the Order fails to explain the basis of dismissal and whether it adopted Defendant's argument that Sarma's petition was invalid because he had no right to opt out of the partnership proceedings. (Id.) Therefore, without additional information, this Court is unable to determine whether the issues material to the instant Motion to Dismiss were actually litigated before the Tax Court and whether the determination of these issues were critical and necessary to the Tax Court's decision to dismiss. See Christo, 223 F.3d at 1339. For these reasons, the Court declines to decide Sarma's Motion to Dismiss on collateral estoppel grounds.

> B. Sarma Was Not Entitled to Notice and Is Precluded From Electing Out of These Proceedings

This Court's jurisdiction over Sarma is based on whether he was entitled to and received timely notice of the partnership audit. Plaintiffs argue that this Court has no subject matter or personal jurisdiction because Sarma elected to opt-out of these proceedings following the IRS' failure to issue an NBAP at least 120 days before the FPAAs were mailed. Defendant responds that Sarma was not entitled to an NBAP, that the IRS was under no obligation to send the notice, and that therefore Sarma had no right to opt-out of these proceedings. Plaintiffs contend that the IRS was required to mail the NBAP because it possessed sufficient information regarding Sarma's involvement with the partnership no later than January 2003 through at least four notices of Sarma's direct and indirect interests in the partnerships. Plaintiffs are mistaken.

The Secretary's duty to notify under section 6223(a) arises only if the names, addresses, and profit interests of partners and indirect partners are furnished in one of two forms described in section 6223(c). Jaffe v. C.I.R., T.C.M. 2004-122, 87 T.C.M. (CCH) 1349 (T.C. 2004) aff'd. 175 F. App'x 853 (9th Cir. 2006). First, the Secretary may be provided the referenced information through the tax return of the partnership under audit. See 26 U.S.C. § 6223(c)(1). Second, the information can be provided in a statement to the IRS that fulfills the "regulations prescribed by the Secretary," under 26 C.F.R. § 301.6223(c)-1(b).[4] 26 U.S.C. § 6223(c)(2). Neither party argues that Plaintiffs provided the necessary information through either of these two means.

Instead, Plaintiffs cite to section 6223(a) of TERFA and section 301.6223(c)-1(f) of the applicable regulations to argue that the IRS should have relied on any other information available to it to mail an NBAP. However, section 301.6223(c)-1(f) indicates that even though the Secretary "may use other information in its possession (for example, a change in address reflected on a partner's return) . . . the [Secretary] is not obligated to search its records for information not expressly furnished under this section" (emphasis added). 26 C.F.R. § 301.6223(c)-1(f). This Court holds as other courts have concluded that the permissive language of the regulation does not impose a duty on the Secretary to rely on any other available information to issue a notice of an audit. See, e.g., Jaffe, 87 T.C.M. (CCH) 1349 (holding that the Secretary's "duty to notify under section 6223(a) is triggered only if the names addresses and profits

---

[4]The applicable regulations provide that the statement to the IRS must (i) identify the partnership, each partner for whom the information is supplied, and the person supplying the information by name, address, and identification number; (ii) explain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership; (iii) specify the taxable year to which the information relates; (iv) set out the corrected or additional information; and (v) be signed by the person supplying the information. 26 C.F.R. §301.6223(c)-1(b)(3).

interests . . . are provided to the IRS in one of two forms described in section 6223(c) . . . . The IRS may use other information that is available to it; however, it is not required to 'search its records' to obtain information not provided in the forms required by section 6223(c)"); Walthall v. United States, 131 F.3d 1289, 1296 (9th Cir. 1987) ("the mere fact that the IRS possesses in its database the name and address of indirect partners does not mean that it has been 'furnished with' this information . . . . We thus hold that the Walthalls failed to trigger the notice requirement of section 6223(a), and therefore were not entitled to direct notice pursuant to the Act"); Stone Canyon Partners v. C.I.R., 94 T.C.M. (CCH) 618 (2007) aff'd sub nom. Bedrosian v. C.I.R., 358 F. App'x 868 (9th Cir. 2009) ("Petitioner further argues that respondent sent a series of correspondence . . . and therefore was aware of the Rocco address . . . . Petitioner did not follow the procedure in the regulations, and as a result respondent was not obligated to search his records for information when sending the FPAA").

Plaintiffs misinterpret Murphy v. C.I.R., 129 T.C. 82 (2007) to suggest otherwise. As Defendant notes, Murphy addressed whether the IRS appropriately elected to send an FPAA to the indirect partner as opposed to a direct partner of a partnership. Id. at 87. The court held that the notice to an indirect partner was valid because TERFA and the applicable regulations permit, but do not require, the Secretary to rely on other readily available information to send an FPAA. As the court made clear, the Secretary's "duty to give notice under section 6223(a) arises to the extent [it] is furnished with readily available information . . . through the tax return of the partnership [or] . . . a statement that meets the requirements of section 301.6223(c)-1T,"[5] whereas it has "no

---

[5]Section 301.6223(c)-1T refers to the Temporary Procedure and Administration Regulations., 52 Fed. Reg. 6784 (Mar. 5, 1987), which have since been codified as 26

11

obligation to search his record to obtain information not provided to him under either of the ways set forth in section 6223(c)(1) and (2)." Id. at 86-86. Therefore, Murphy contradicts Plaintiffs' assertion that Defendant was required to send notice of the partnership audit to Sarma.

Admittedly, the circumstances of this case are unique in that the IRS mistakenly sent a form letter to Sarma acknowledging that it had failed to send the notices within the time required under section 6223(d) and informing him of his right to opt-out of the partnership proceedings. (Doc. No. 107, p. 12.) After Sarma elected to do so, the IRS reversed course by a letter that directed Sarma to "disregard" the February 8, 2010 letter, explaining that because the IRS was not required to provide the NBAP, Sarma did not have the right to elect out of the partnership proceedings. (Doc. No. 107-1, p. 58.) Despite the Agency's mistake, the Court holds that Sarma may not opt-out of this case. While the Agency's error (subsequently rescinded) is regrettable to the extent it muddied the waters, it does not alter the fact that there was no legal obligation to provide the NBAP to Sarma in the first place and the letter to the contrary does not change that circumstance.

Section 6223(e) of TERFA sets forth the circumstances under which a partner may opt-out of a partnership audit. The provision provides that "[t]his subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to the partner entitled to such notice within the period specified . . . ." 26 U.S.C. § 6223(e)(1)(A). In other words, section 6223(e)'s remedy provision, which includes the right to opt-out, applies only when a partner is entitled to but does not receive timely notices of the audit. Here, Sarma was not entitled to any notice because it failed to

---

C.F.R. § 301.6223(c)-1.

12

provide the requisite information to the IRS. Sarma may not capitalize on the IRS' mistake to invoke the right to a remedy that was not provided by the statute.

Defendant cites to Thompson v. C.I.R., 137 T.C. 220 (2011), where in analogous but not identical circumstances, the Tax Court examined its subject matter jurisdiction over a challenge to an IRS tax assessment. In Thompson, the IRS made certain flow-through adjustments to a partner's tax return called "affected items". Id. at 224. Under the Tax Code, certain affected items are assessed at the partner-level, which requires the IRS to send the partner a notice of deficiency which can then be challenged before a tax court. Other affected items will not be determined at the partner-level and do not require a notice of deficiency. The IRS sent a notice of deficiency to the relevant partners, who then filed a Tax Court petition to challenge the IRS' deficiency assessment. Id. at 224-225. The IRS argued that the Tax Court lacked subject matter jurisdiction because the affected items did not require a notice of deficiency, even though a notice was sent to the partners presumably in error or out of an abundance of caution. Id. at 222. The partners responded that the Agency's mere issuance of the deficiency notice provided the court with jurisdiction to hear their challenge. Id. at 224-25. In declining to hear the case, the court emphasized the plain meaning of the statute and noted that "[t]he applicability or inapplicability of deficiency procedures under section 6230 is statutorily mandated and bereft of any administrative discretion." Id. at 225. Thus, even though a deficiency notice was issued, the proceedings did not require partner-level determinations upon which the Court could exercise jurisdiction.

Similarly here, the plain language of TERFA permits a partner to opt-out of partnership proceedings if the IRS fails to mail the NBAP to a partner "entitled to such notice" within the time period specified by the statute. 26 U.S.C. § 6223(e)(1)(A). This

13

Court may not deviate from the clear language of the statute to provide an opt-out remedy to Sarma who was not entitled to an initial notice and therefore to the right to elect out of these proceedings. See Comm'r v. Soliman, 506 U.S. 168, 174 (1993) (noting that words in a statute generally must be interpreted according to their ordinary, everyday meaning). For these reasons, the Court denies Plaintiffs' Motion to Dismiss on jurisdiction grounds.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction as to Pat Sarma and Incorporated Memorandum of Law in Support (Doc. No. 107) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on March 27th, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Parties and Counsel of Record