**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

KEARNEY PARTNERS FUND, LLC,
by and through
LINCOLN PARTNERS FUND, LLC,
Tax Matters Partner, et al.,

        Plaintiffs,

vs.                                Case No. 2:10-cv-153-FtM-SPC

THE UNITED STATES OF AMERICA,
etc.

        Defendant.

## ORDER

This cause is before the Court with regard to Plaintiffs' Motion for Reconsideration of the Court's March 27, 2013 Order ("Motion for Reconsideration" or "Motion") (Doc. No. 179) filed on April 8, 2013, and Defendant's Opposition (Doc. No. 181), filed on April 24, 2013. After a careful review of the parties' submissions and the applicable law, the Court denies Plaintiffs' Motion for Reconsideration.

## BACKGROUND

This case is a federal income tax partnership proceeding concerning tax adjustments and accuracy-related penalty determinations made by the Internal Revenue Service ("IRS" or "Agency") to nine partnership returns under the Tax Equity and Fiscal Responsibility Act of 1982 ("TERFA"). (Doc. No. 107, p. 2.) The facts of this heavily litigated case have been laid out in a number of prior opinions, including the Court's March 27, 2013 Order that Plaintiffs now challenge. The Court will summarily review the facts relevant to Plaintiffs' objections.

Nebraska Partners Fund ("Nebraska"), Lincoln Partners Fund ("Lincoln") and Kearney Partners Fund, LLC ("Kearney") (collectively "Partnerships") make up three tiers of a partnership structure referred to by the acronym "FOCus". (Doc. No. 1, p. 3.) The Partnerships filed tax returns (Forms 1065) for twelve "short-year" periods, which began and ended at various points between October 17, 2001 and December 31, 2001. (Doc. No. 128, p. 3.)  On December 4, 2001, Mr. Raghunathan Sarma ("Sarma") acquired a direct partnership interest in Nebraska and indirect partnership interests in Lincoln and Kearney. (Doc. No. 107, p. 5.) On December 17, 2001, Sarma acquired a direct partnership interest in Lincoln. (Id.)

In early 2002, the IRS became aware of FOCus and initiated an audit of the Partnerships' tax returns. (Id., p. 6.)  When the IRS audits a partnership item, the Agency must notify certain partners of (1) the beginning of an administrative proceeding ("NBAP") at the partnership level with respect to a partnership item, and (2) the final partnership administrative adjustment ("FPAA") resulting from such a proceeding. 26 U.S.C. § 6223(a). The Agency is required to mail the NBAP "no later than 120 days before" issuing the FPAA. 26 U.S.C. §§ 6223(a) & (d). The IRS's failure to do so entitles the partner to "opt-out" of the partnership examination or judicial proceedings. Id. § 6226(e).

On June 6, 2003, the IRS issued NBAPs to the Partnerships, their tax matters partners,[1] but not Sarma. (Doc. No. 107, p. 9.) On December 9, 10, and 11, 2009, the IRS sent Plaintiffs and Sarma FPAAs indicating that the IRS had determined that

---

[1] A tax matters partner is the designated direct partner who acts for the partnership in partnership-level administrative and judicial proceedings. As explained below, indirect partners (such as Sarma) are entitled to notice if they are identified on the partnership return or are identified in accordance with the prescribed regulations. 26 U.S.C. § 6223(c).

2

FOCus was formed for tax avoidance purposes and had engaged in a series of transactions intended to create an artificial economic loss devoid of economic substance and a legitimate business purpose.  (Id., pp. 9-10.)  The FPAAs to Sarma were accompanied by a cover letter declaring that the IRS had failed to mail the NBAPs within the prescribed period and informing Sarma of his right to opt-out of the partnership examination.  (Id.)  On January 23, 2010, Sarma elected to do so.  (Id., p. 12.)  On February 25, 2010, the IRS reversed course in a letter to Sarma's counsel indicating that the Agency had mistakenly informed Sarma of his opt-out rights, that he was not entitled to directly receive the NBAPs, and that therefore he could not elect to not be bound by the partnership examinations.  (Id.)

On March 27, 2013, the Court denied Plaintiffs' Motion to Dismiss (Doc. No. 107), which argued that the Court lacked subject matter and personal jurisdiction over Sarma, who had properly opted out of these partnership proceedings.  Plaintiffs ask that the Court to reconsider its decision.

## APPLICABLE STANDARDS

Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. Ludwig v. Liberty Mut. Fire Ins. Co., No. 03-CV-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citation omitted).  Courts have recognized three grounds for reconsideration of a prior decision: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest justice. Fla. College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  A motion for reconsideration does not provide an opportunity to simply argue an issue the

court has determined.  Quitto v. Bay Colony Golf Club, Inc., No. 2:06-cv-286-FtM-29DNF, 2007 WL 2808352, at *2 (M.D. Fla. Aug. 13, 2007).  Further, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." Prudential Securities, Inc. v. Emerson, 919 F.Supp. 415, 417 (M.D.Fla.1996).

## DISCUSSION

Plaintiffs ask the Court to reconsider its prior denial of their Motion to Dismiss because of the purported need to correct clear error in the Court's interpretation of the law and because of the availability of new evidence.  The Court declines to do so.

Plaintiffs' Motion hinges on whether Sarma was entitled to "opt-out" of these partnership proceedings, which turns on whether he was required to receive an NBAP under the applicable statute and regulations.  The relevant facts are undisputed.  Defendant admits that it failed to submit the NBAP to Sarma no later than 120 days before issuing the FPAAs and that it was aware of Sarma's interests in the Partnerships well before it initiated an audit of FOCus.  However, Defendant argues and this Court agrees that because Sarma did not provide the necessary information about his involvement in the Partnerships in the manner prescribed by the applicable statute and regulations, he was not entitled to an NBAP.

TERFA and the applicable regulations clearly distinguish between when the Secretary of the IRS "shall" and "may" rely on information provided to it to notify partners of the beginning of an administrative proceeding.  As this and several other Courts have held, the Secretary's obligation to provide a notice arises only if the relevant information is furnished in one of two manners described in Section 6223(c).  See, e.g., Jaffe v. Comm'r., T.C.N. 2004-122, 87 T.C.M. (CCH) 1349 (T.C. 2004), aff'd.

175 F. App'x 853 (9th Cir. 2006) ("The Commissioner's duty to notify under section 6223(a) is triggered only if the names, addresses, and profits interests of partners and indirect partners are provided to the IRS in one of two forms described in section 6223(c)").  First, the Secretary "<u>shall</u> use the names, addresses, and profits interests shown on the partnership [tax] return" (emphasis added).  Id. § 6223(c)(1).  Second, the Secretary "<u>shall</u> use additional information furnished to him by the tax matters partner or any other person <u>in accordance with regulations</u> prescribed by the Secretary" (emphasis added).  Id. § 6223(c)(2).  "The [p]rocedure for furnishing [the] additional information" is set forth in 26 C.F.R. § 301.6223(c)-1(b), which requires that a "written statement" is filed, "with the service center where the partnership return is filed."  Id. § 301.6223(c)-1(b); (b)(2).  The regulations also require that the statement (1) identify the partnership, each partner for whom information is supplied, and the persons supplying the information by name, address, and taxpayer identification number; (2) explain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership; (3) specify the taxable year to which the information relates; (4) set out the corrected or additional information; (5) be signed by the person supplying the information.  Id. § 301.6223(c)-1(b)(3).

Plaintiffs do not allege that Sarma provided the necessary information either on the relevant partnership tax returns[2] or in accordance with the aforementioned regulations.  Instead, Plaintiffs misconstrue the regulations to argue that the Secretary

---

[2]In their Reply Brief in support of their Motion to Dismiss (Doc. No. 132, p. 4), Plaintiffs assert that the December 31, 2001 tax returns for Nebraska and Lincoln clearly identified Sarma.  However, this partnership proceeding only concerns nine partnership returns covering the October 17, 2001 to November 20, 2001, and November 21, 2001 to December 4, 2001 tax periods.  Accordingly, the contents of the December 31, 2001 tax returns are not relevant to this partnership proceeding or Defendant's obligation to provide an NBAP.

was required to rely on any other information available to it to mail an NBAP. Plaintiffs' argument is based on 26 C.F.R. § 301.6223(c)-1(f), which declares that:

> In addition to the information on the partnership return and that supplied on statements filed under this section, the Internal Revenue Service <u>may use</u> other information in its possession . . . in administering subchapter C of chapter 63 of the Internal Revenue Code. However, the Internal Revenue Service is not obligated to search its records for information not expressly furnished under this section (emphasis added).

Contrary to Plaintiffs' argument, the provision's use of the word "may" as well as its clear mandate that the IRS need not search its records for additional information distinguishes it from 26 U.S.C. § 6223(a) and (c). There simply is no way to read 26 C.F.R. § 301.6223(c)-1(f) to require the IRS to rely on any other information available to it to provide an NBAP. See <u>Jaffe</u>, 87 T.C.M. at *3 ("The IRS also may use other information that is available to it; however, it is not required to 'search its records' to obtain information not provided in the forms required by section 6223(c)."); <u>Stone Canyon Partners v. Comm'r.</u>, 94 T.C.N. (CCH) 618 (T.C. 2007), <u>aff'd sub nom. Bedrosian v. Comm'r.</u>, 358 F. App'x 868 (9th Cir. 2009) ("[R]espondent [IRS] is not obligated to search his records for information not expressly furnished [in accordance with 301.6223(c)-1(f)].").

Plaintiffs' Motion is also based on newly discovered evidence, a CD that was recently turned over by the IRS, which "confirms that more than thirty days prior to the issuance of the NBAP, the IRS knew that Sarma was the true partner in interest for all relevant tax returns." (Doc. No. 179, p. 3.) The CD is labeled "Bricolage Focus Promotion, Investor Sarma, Created May, 2003," and contains all of the Partnerships' tax returns and a table of contents that lists Sarma as the investor for every tax period at issue. The CD does not affect Plaintiffs' Motion to Dismiss. Defendants have

6

repeatedly admitted that they received a variety of documents from Sarma and others indicating Sarma's direct and indirect interests in the FOCus Partnerships for the relevant tax periods. At no point, however, was the necessary information provided in either the partnership tax returns at issue or in a written statement that conforms with 26 C.F.R. § 301.6223(c)-1(b)(3). "[T]he mere fact that the IRS possesses in its database, the name and addresses of indirect partners does not mean that it has been 'furnished with' this information [in accordance with 26 U.S.C. § 6223(a)"). Walthall v. United States, 131 F.3d 1289, 1296 (9th Cir. 1997).

In the face of this extensive case law, Plaintiffs cite to In re Raihl, No. A90-00786-002, 1994 WL 579919 at *2 (Bankr. D. Alaska July 18, 1994), where the court held that the IRS had, within its own audit file, all of the information it needed to serve the § 6223(a) notices" even though the partner had failed to provide the "additional information" in the manner prescribed by 26 U.S.C. § 6223(c). Plaintiffs fail to mention, however, that in Raihl, "[i]t was impossible for the indirect partners to timely provide the 'additional information' referred to in § 6223(c)" because 26 C.F.R. § 301.6223(c)-1 became effective after the IRS had completed its audit of the partnerships. Id. at *2. Thus, the court's holding was "[b]ased on the limited circumstances" of the case and does not control the instant set of facts.³ Id.

---

³Even in its limited scope, Raihl's holding conflicts with Walthall, where the Ninth Circuit determined that the IRS was not required to rely on any other information available to it to provide an NBAP, even though 26 C.F.R. § 301.6223(c)-1 had not yet been promulgated. 131 F.3d at 1296. The circuit court reasoned that 26 U.S.C. § 6223(c) specifies two "information bases" that the IRS must rely on to provide an NBAP. Id. Section 6223(c)(2), in particular, requires the Secretary to rely on additional information furnished in accordance with 26 C.F.R. § 301.6223(c)-1. Walthal, 131 F.3d at 1296. Because 26 C.F.R. § 301.6223(c)-1 "was not yet operative at the time the notices were sent, . . . the only way in which the Walthalls would have been entitled to receive a notice directly from the IRS would have been if they had satisfied [Section

For the foregoing reasons, the Court declines to reconsider its March 27, 2013 Order denying Plaintiffs' Motion to Dismiss.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration of the Court's March 27, 2013 Order (Doc. No. 179) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on May 20th, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Parties and Counsel of Record

---

6223(c)] subparagraph (1)," which requires that the names, addresses, and profits interests be provided on the partnership tax returns. Id.